UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIR TYRIKK BLANKS, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:24-cv-01715-SEP |
| JASON M. SENGHEISER, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are Defendants' Motion to Dismiss, Doc. [12], and Plaintiff's Motion Request to Show Cause, Doc. [18]. For the reasons set forth below, the Motion to Dismiss is granted, and the Motion Request to Show Cause is denied as moot.

**FACTS AND BACKGROUND**

In December 2024, Plaintiff Sir Tyrikk Blanks filed a pro se civil rights Complaint against five state court judges: the Honorable Jason M. Sengheiser, the Honorable Michael F. Stelzer, the Honorable Katherine M. Fowler, the Honorable John P. Torbitzky, and the Honorable Thomas C. Clark II. Doc. [1] at 2-6. He alleges that Defendants deprived him of his civil rights, pursuant to 18 U.S.C. § 242 and 42 U.S.C. § 1983, by denying various requests for relief and dismissing actions he filed against Saint Louis University Hospital and Judge Sengheiser. *Id.* at 7, 10; Doc. [1-1]. Plaintiff seeks $3,200,000 in damages. Doc. [1] at 8.

On January 21, 2025, Defendants moved to dismiss, arguing that Plaintiff's claims against them are barred by judicial immunity and that any official-capacity claims against them are barred by sovereign immunity because they are effectively claims against the state. Docs. [12], [13]. Plaintiff filed documents in February and April that did not respond to the Motion to Dismiss and instead requested that default judgment be entered against Defendants pursuant to Federal Rule of Civil Procedure 55 for failing to respond or otherwise defend. Docs. [14], [15].

On May 21, 2025, the Court issued an order noting that the Motion to Dismiss did not reflect that service had been properly made on the self-represented Plaintiff. Doc. [16] at 1. Thus, the Court granted Plaintiff additional time to respond to the Motion to Dismiss and directed the Clerk of Court to mail Plaintiff copies of the May 21st Order, Defendants' Motion to Dismiss, and Defendants' Suggestions in Support of the Motion to Dismiss. *Id.* at 2. Because

Defendants had responded to the Complaint, the Court denied Plaintiff's request for the entry of default judgment. *Id.*

On May 29, 2025, Plaintiff filed a memorandum opposing dismissal and reiterating that Defendants' adverse rulings were improper. Doc. [17]. Defendants are not entitled to judicial immunity, he claims, because they violated the law and deprived him of constitutional rights. *Id.* at 2, 8-9. On Plaintiff's view, their "willful violations subsequently forfeit [their] immunity and jurisdiction, . . . causing all subsequent acts to be in the 'Clear Absence of Jurisdiction.'" *Id.* at 2. Plaintiff submitted several exhibits, including brief summaries of Defendants' backgrounds and copies of the orders in which Defendants denied Plaintiff's requests for relief and dismissed his actions. Doc. [17-1]. The same day, Plaintiff also filed a Motion Request to Show Cause, asking why default judgment has not been entered in his favor in light of Defendants' failure to properly serve him with the Motion to Dismiss. Doc. [18].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief may be granted. To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). But a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (citing *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999)). "Although detailed allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

"Judicial immunity is immunity from suit.  It is grounded in a 'general principle of the highest importance,' that 'a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)).  "This immunity applies even when the judge is accused of acting maliciously and corruptly. . . ."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").  "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority."  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his [or her] immunity."  *Id.* at 363.

"A judge is immune from suit . . . in all but two narrow sets of circumstances."  *Woodworth*, 891 F.3d at 1090 (quoting *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012)).  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity."  *Id.* (quoting *Schottel*, 687 F.3d at 373).  "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity."  *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982).  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Woodworth*, 891 F.3d at 1090 (quoting *Schottel*, 687 F.3d at 373).  In the context of judicial immunity, the scope of a judge's jurisdiction is construed broadly.  *Just. Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 762 (8th Cir. 2019).  "[T]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial."  *Duty v. City of Springdale*, 42 F.3d 460, 462-63 (8th Cir. 1994) (quoting *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994)); *see also Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) ("An official does not act outside [his or] her jurisdiction simply because [he or] she makes an unconstitutional or unlawful decision." (quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993))).

Here, neither of the two narrow exceptions to the doctrine of judicial immunity applies.  First, Plaintiff does not dispute that Defendants made their objectionable decisions in their judicial capacities.  Nor could he, as all of his allegations relate to garden-variety judicial actions

3

such as ruling on motions, dismissing petitions, and dismissing appeals as untimely and for lack of an appealable judgment.  *See Birch*, 678 F.2d at 756 ("An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity.").  Second, there is no indication that Defendants acted outside of their jurisdiction.  Contrary to Plaintiff's claim, Defendants did not lose jurisdiction or forfeit their judicial immunity by ruling against him and dismissing his actions.  *See Stump*, 435 U.S. at 363.  Even if Defendants' decisions were erroneous, unconstitutional, malicious, or in excess of their authority, they are still entitled to judicial immunity.  *See id.* at 356; *Mayorga*, 442 F.3d at 1131.  Therefore, Plaintiff's claims against Defendants must be dismissed.

      Accordingly,

      **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [12], is **GRANTED**.  The action is **DISMISSED** without prejudice.

      **IT IS FURTHER ORDERED** that Plaintiff's Motion Request to Show Cause, Doc. [18], is **DENIED** as moot.

      A separate order of dismissal will accompany this Memorandum and Order.

      Dated this 30th day of June, 2025.

SARAH E. PITLYK  
UNITED STATES DISTRICT JUDGE