UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIR TYRIKK BLANKS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-01715-SEP |
| | ) |
| JASON M. SENGHEISER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Sir Tyrikk Blanks's Motion to Vacate Order of Dismissal. Doc. [22]. For the reasons set forth below, the motion is denied.

### DISCUSSION

On June 30, 2025, this matter was dismissed based on the Court's finding that Defendants were entitled to judicial immunity. Docs. [19], [20]. After the case was closed, Plaintiff filed a Notice of Appeal, Doc. [21], and a Motion to Vacate Order of Dismissal in which he insists that Defendants waived their judicial immunity and asks the Court to vacate the Order of Dismissal, Doc. [22]. The Court construes Plaintiff's post-judgment motion as seeking reconsideration of the Order of Dismissal.

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). Federal Rule of Civil Procedure Rule 59(e) allows a court to correct mistakes in the time immediately following judgment. "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)). Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional

circumstances.'" *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

    The Court has reviewed Plaintiff's motion and finds no basis for altering or amending its prior decision. Plaintiff does not point to any manifest errors of law or fact or any newly discovered evidence, nor does he demonstrate any exceptional circumstances warranting relief.

    Accordingly,

    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Order of Dismissal, Doc. [22], construed as a motion for reconsideration, is **DENIED**.

    Dated this 25th day of July, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE